IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JANET WALKER AND KIMBERLY HARRIS,** on behalf of themselves, and all other plaintiffs similarly situated, known and unknown,<br><br>    Plaintiffs,<br><br>    v.<br><br>**SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., AN ILLINOIS CORPORATION**<br><br>    Defendant. | No. 1:19-cv-<br><br>Honorable Judge<br><br>Magistrate Judge<br><br>*JURY DEMAND* |

## COMPLAINT

NOW COME Plaintiffs, **JANET WALKER AND KIMBERLY HARRIS,** ("Plaintiffs"), by and through their attorneys, JOHN W. BILLHORN AND SAMUEL D. ENGELSON, and for their Complaint against Defendant, **SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.** (the "Defendant"), state as follows:

### I.  NATURE OF ACTION

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq*, and the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago.

### II.  JURISDICTION AND VENUE

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental state and municipal statutory claims, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times

relevant to the employment relationship, Plaintiff performed work in this district and is a resident of this district and Defendants are or were engaged in business in this district.

## III. THE PARTIES

3. Defendant, **SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.** ("Sedgwick") is a third-party claims administration and management service that processes leave of absence, accommodation and other related employee benefit claims for large corporate clients that opt to outsource claims administration functions. Sedgwick maintains two Chicago locations at 175 W. Jackson Blvd. and 8755 W. Higgins Road. Defendant, Sedgwick is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii). During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiffs and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

4. Plaintiff, **JANET WALKER** (hereinafter referred to as "Plaintiff" or "Walker") is a former employee of Defendant who was employed by Defendant as a Disability Representative from approximately August 2018 to September 2019. Walker performed duties related to processing paperwork submissions, contacting and communicating updates to the client's claimants and other clerical duties. Walker performed duties that supported the "Return-to-Work" and "Job Accommodation" managers (hereinafter "RTW"s and "JA"s). During Walker's entire employment, Defendant compensated Walker on an improper salary basis and denied her overtime pay for hours worked over 40 per work week.

5. Plaintiff, **KIMBERLY HARRIS** (hereinafter referred to as "Plaintiff" or "Harris") is a current employee of Defendant who, since approximately August 2018 has been employed by Defendant as a Disability Representative. Harris performs duties related to processing paperwork submissions, contacting and communicating updates to the client's claimants and other clerical duties. Harris performs duties that support the RTA and JA managers. During Harris' entire employment, Defendant has compensated Harris on an improper salary basis and denied her overtime pay for hours worked over 40 per work week.

## IV. STATUTORY VIOLATIONS

### Fair Labor Standards Act

6. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiffs for damages suffered by Defendant's failure to comply with 29 U.S.C. §201 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

### Illinois Minimum Wage Law

7. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by Plaintiff herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

### Chicago Minimum Wage Ordinance

8. Pursuant to the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago, Count V of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and

assert the claims made under this Count V. The claims asserted by Plaintiff herein under the CMWO are proper for certification under Federal Rule of Civil Procedure 23.

V. **FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS**

9. Plaintiffs, at all times pertinent to the cause of action, was employed by Defendant, said employment being integral and indispensable to Defendant's business.

10. Plaintiffs, on a regular basis within the dates of employment referenced above, worked in excess of forty (40) hours in a workweek without pay at a rate of time and one-half for such hours pursuant to the requirements of the federal and state statutes relied upon herein.

11. Walker was employed by Defendants from approximately August 2018 to September 2019.

12. During Walker's entire employment with Defendant, Defendant paid Walker a salary (paid every two weeks) intended to compensate her for all hours worked. However, Walker's job duties did not qualify her for any of the salary exemptions established by the FLSA, IMWL or CMWO.

13. Walker was employed as a Disability Representative. As a Disability Representative, Walker was the initial point of contact for claimants employed by Defendant's clients who had submitted claims for a leave of absence or other benefits. Walker's job duties included almost exclusively clerical tasks performed to support the RTA and JA managers that led her team and who made all decisions related to a claimant's eligibility for benefits.

14. Walker's job duties included clerical tasks such as:

   a) cross-referencing an employee-claimant's application for benefits against the corporate-client's eligibility standards and using that information to fill out template reports for the RTA and JA managers to evaluate;
   b) Send template reminders to employee-claimants regarding submission deadlines;
   c) spot-check paperwork for correctness (i.e. correct form, spelling, contact information, completed fields, and the like);
   d) spot-check medical reports for correctness (i.e. spelling, contact information, completed fields, and the like);
   e) transferring and copying information and records received by employee-claimant or onto corporate templates used by RTWs and JAs;
   f) relay questions, requests and decisions from RTAs and JAs to employee-claimants;
   g) answer general phone inquiries made by employee-claimants;
   h) data entry;
   i) other clerical duties as assigned by Defendant's management employees.

15. Walker was not tasked with determining benefit eligibility of the employee-claimants. Rather, Walker compiled, organized and relayed (using Defendant's template forms and documents) the information needed by the RTWs and JAs to determine a claimant's eligibility to receive a benefit or the terms of their return from leave or benefit. Additionally, almost all of Walker's tasks involved the use of a template form, letter or similar material developed by Defendant.

16. All of Walker's work assignments and tasks were assigned to her directly by Defendant's management employees, including Neelima Sharma, Kate Suler and Grace Kim, as well as the RTAs and JAs. Oftentimes, Walker's assigned tasks appeared directly in

her "task que" through Defendant's internal computer systems. Walker worked under the constant and exclusive direction of Defendant's management employees

17. Walker's assigned minimum schedule was 7:30 a.m. to 3:30 p.m. Monday through Friday. However, Plaintiff worked significantly more hours due to heavy workload and volume. Walker almost always started her shift at 7:00 a.m. and almost always worked until at least 6:00 p.m. Walker was not compensated for theses hours for work performed for the benefit of the employer. Defendant and its management employees, including Neelima Sharma, Kate Suler and Grace Kim, specifically instructed Walker that she was not permitted to leave until her "task que" for each individual workday was completed. This policy required Walker to work significantly more hours than her assigned shift.

18. As a result of Defendant's improper salary classification, Walker never received any compensation, let alone an overtime premium, for hours worked in excess of 40 in a work week.

19. Harris has been employed by Defendants since approximately August 2018.

20. During Harris' entire employment with Defendant, Defendant has paid Harris a salary (paid every two weeks) intended to compensate her for all hours worked. However, the job duties and reporting structures for Harris did not qualify her for any of the salary exemptions established by the FLSA, IMWL or CMWO.

21. Harris is employed as a Disability Representative. As a Disability Representative, Harris is the initial point of contact for claimants employed by Defendant's client that have submitted claims for a leave of absence or other benefits. Harris' job duties included almost exclusively clerical tasks performed to support the RTWs and JAs that led her team and made all decisions related to a claimant's eligibility for benefits.

22. Harris' job duties included clerical tasks such as:

a) cross-referencing an employee-claimant's application for benefits against the corporate-client's eligibility standards and using that information to fill out template reports for the RTWs and JAs to evaluate;

b) send template reminders to employee-claimants regarding submission deadlines;

c) spot-check paperwork for correctness (i.e. correct form, spelling, contact information, completed fields, and the like);

d) spot-check medical reports for correctness (i.e. spelling, contact information, completed fields, and the like);

e) transferring and copying information and records received by employee-claimant or onto corporate templates used by RTWs and JAs;

f) relay questions, requests and decisions from RTWs and JAs to employee-claimants;

g) answer general phone inquiries made by employee-claimants;

h) data entry;

i) other clerical duties as assigned by Defendant's management employees.

23. Harris was not tasked with determining benefit eligibility of the employee-claimants. Rather, Harris compiled, organized and relayed (using Defendant's template forms and documents) the information needed by the RTWs and JAs to determine a claimant's eligibility to receive a benefit or the terms of their return from leave or benefit. Additionally, almost all of Harris' tasks involved the use of a template form, letter or similar material developed by Defendant.

24. All of Harris' work assignments and tasks were assigned to her directly by Defendant's management employees, including Harris' team lead "Ashley", Kate Suler and Grace Kim, as well as the RTWs and JAs. Oftentimes, Harris' assigned tasks appeared

directly in her "task que" through Defendant's internal computer systems. Harris works under the constant and exclusive direction of Defendant's management employees

25. Harris' assigned minimum schedule was 9:00 a.m. to 5:00 p.m. Monday through Friday. However, Plaintiff worked significantly more hours due to heavy workload and volume. Harris almost always started her shift prior to 9:00 a.m. and almost always worked until at least 7:00 p.m. Harris was not compensated for theses hours for work performed for the benefit of the employer. Defendant and its management employees, including "Ashley", Kate Suler and Grace Kim, specifically instructed Harris that she was not permitted to leave until her "task que" for each individual workday was completed. This policy required Harris to work significantly more hours than her assigned shift.

26. As a result of Defendant's improper salary classification, Harris never received any compensation, let alone an overtime premium, for hours worked in excess of 40 in a work week.

27. Additionally, due to heavy volume and Defendant's requirement that the Plaintiffs' "task ques" must be completed before leaving the office each day, the named Plaintiffs and members of the Plaintiff class were routinely interrupted and required to perform work during their meal breaks, to the benefit of the employer, without pay for that time.

28. The total number of hours worked by Plaintiffs and members of the Plaintiff Class, and therefore the total number of overtime hours for which additional compensation is owed, is information substantially, if not completely, within the control and possession of Defendant, in that Defendant recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516. To the extent Defendant

lacks the records required by 29 CFR Part 516, Plaintiff and the Plaintiff class will be capable of providing reasonable estimates of that time, as permitted by law.

29. The claims brought herein by the named Plaintiff are based on non-compliant practices and policies implemented by the Defendant and are identical or similar to the claims of other past and present employees who were subject to the same non-compliant policies and practices alleged herein. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-29. Paragraphs 1 through 29 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 29 of this Count I.

30. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, the named Plaintiffs, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours per workweek in any week during the two (2) years preceding the filing of this action.

31. Defendant has, during certain times relevant hereto, failed and refused to pay compensation to their employees including the named Plaintiffs, and all other Plaintiffs similarly situated, known and unknown, as described above.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

      (b)    prejudgment interest with respect to the total amount of unpaid overtime compensation;

      (c)    Plaintiffs' reasonable attorneys' fees and costs incurred as a result of Defendant's violations of the Fair Labor Standards Act; and,

      (d)    such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-31.    Paragraphs 1 through 31 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 31 of Count II.

32.    Defendant's actions as complained of above were done with Defendant's knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions relating to salary classification under the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

33.    Pursuant to the Fair Labor Standards Act, Plaintiffs and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rates of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) prejudgment interest with respect to the amount of unpaid overtime compensation;

(c) Plaintiffs' reasonable attorneys' fees and Court costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(d) such additional relief the Court deems appropriate under the circumstances.

### COUNT III

### LIQUIDATED DAMAGES
### UNDER THE FAIR LABOR STANDARDS ACT

1-33. Paragraphs 1 through 33 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 33 of Count III.

34. In denying the named Plaintiffs and members of the Plaintiff Class compensation as described above, Defendant's acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions relating to salary classification under the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

35. The named Plaintiffs and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a) liquidated damages equal to the amount of all unpaid compensation;

(b) Plaintiffs' reasonable attorneys' fees and costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(c) such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-35. Paragraphs 1 through 35 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 35 of this Count IV.

36. As described in the foregoing paragraphs, Defendant's compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

37. The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages for three (3) years prior to the filing of a Complaint and for an additional penalty in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

38. Defendant's failure to pay compensation as described above, has been willful and/or in bad faith.

39. Plaintiffs seek certification of the Illinois Minimum Wage Law violations alleged herein pursuant to Federal Rule of Civil Procedure 23.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) declaring and decreeing Defendant's compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiffs and other members of the Plaintiff Class are entitled;

(c) allowing this Court to retain jurisdiction of the case until such time it is assured Defendant has remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) directing Defendant to pay to Plaintiffs' reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(e) for such additional relief the Court deems just and appropriate under the circumstances.

## COUNT V

### SUPPLEMENTAL MUNICIPAL CLAIM
### VIOLATION OF THE CHICAGO MINIMUM WAGE ORDINANCE

1-39. Paragraphs 1 through 39 of Count IV are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 39 of this Count V.

40. Plaintiffs, and members of the Plaintiff Class, are each an "employee" under the CMWO§ 1-24-10 of the Municipal Code of Chicago and not exempt from the overtime wage provisions of the CMWO § 1-24-050.

41. Defendant is an "employer" as defined in the CMWO§ 1-24-10.

42. Under § 1-24-040, for all weeks during which Plaintiffs and members of the Plaintiff Class worked more than forty (40) hours in the three (3) years preceding the filing of this Complaint, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

43. Defendant's failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of § 1-24-040.

44. Plaintiffs seeks certification of the Chicago Minimum Wage Ordinance violations alleged herein pursuant to Federal Rule of Civil Procedure 23.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a) Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rate of pay for all hours which Plaintiff and members of the Plaintiff Class worked in excess of forty (40) hours per week;

(b) Statutory damages in the amount of three times the amount of unpaid overtime;

(c) Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

(d) Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

*Electronically Filed 11/12/2019*

/s/ John W. Billhorn

_____

John William Billhorn

Attorney for Plaintiffs, and all other Plaintiffs similarly situated, known or unknown.

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 401
Chicago, IL 60604
(312) 853-1450